**STEVEN E. FELDMAN**
California Bar No. 56979
LAW OFFICES OF STEVEN E. FELDMAN
934 23rd Street
San Diego, CA  92102
(619) 232-8649

Attorney for Defendant **CANO-VALENCIA**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HON. DANA M. SABRAW)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE CANO-VALENCIA,<br><br>Defendant | Criminal Case No. 08cr0643 DMS<br><br>**POINTS and AUTHORITIES IN SUPPORT OF MOTION FOR DISCOVERY AND MOTION FOR LEAVE TO FILE FURTHER MOTIONS** |

### I.

### STATEMENT OF FACTS

This statement of facts is based on the discovery provided to counsel thus far.  Defendant does not adopt this statement of facts as his own statement and reserves the right to take a contrary position at the motions hearing or trial.

On February 4, 2008,  at approximately 5:40 a.m.,  Jose CANO-VALENCIA entered the United States from Mexico via the Otay Mesa Port of Entry in San Diego, California.  Cano was the driver of a 2000 Chrysler Sebring.  He provided two negative customs declarations to U.S. Customs and Border Protection Officer Fuchs.   Fuchs then conducted an inspection of the vehicle and discovered a non-factory compartment in the trunk.

/

/

At secondary inspection, a Narcotic Detector dog alerted to the presence of an alleged narcotic odor emanating from the trunk of the vehicle.

Fuchs then drilled into the non-factory compartment in the trunk and removed a white crystalline substance which field tested positive for methamphetamine. Ultimately, following an inspection of the vehicle by CBPO Walker, there was discovered thirteen packages with a combined total weight of 14.70 kilograms of alleged methamphetamine.

The defendant was subsequently mirandized and made certain admissions, including the statement that he was to be paid approximately $2000.00 to deliver the vehicle to Downey, California; that he knew that the vehicle contained narcotics; and that he had engaged in this behavior on numerous previous occasions.

Mr. CANO-VALENCIA was arrested and charged with a violation of 21 U.S.C. 952 and 960, Importation of a Controlled Substance and was booked in M.C.C. in San Diego.

## II.

## MOTION TO COMPEL DISCOVERY

Mr. CANO-VALENCIA requests the following discovery. His request is not limited to those items of which the prosecutor is aware. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *See United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

1. <u>The Defendant's Statements</u>. The government must disclose to Mr. CANO-VALENCIA *all* copies of any written or recorded statements made by Mr. CANO-VALENCIA; the substance of any statements made by Mr. CANO-VALENCIA that the government intends to offer in evidence at trial; any response by Mr. CANO-VALENCIA to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of Mr. CANO-VALENCIA's oral statements contained in the handwritten notes of the government agent; any response to any <u>Miranda</u> warnings that may have been given to Mr. CANO-VALENCIA; and any other statements by Mr. CANO-VALENCIA. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government

must reveal *all* Mr. CANO-VALENCIA's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

    2.    <u>Arrest Reports, Notes and Dispatch Tapes</u>. Mr. CANO-VALENCIA also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. CANO-VALENCIA or any other discoverable material is contained. Mr. CANO-VALENCIA includes in this request any redacted portions of the Report of Investigation ("ROI") and any subsequent ROI's that the case agent or any other agent has written. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and *Brady v. Maryland*, 373 U.S. 83 (1963). *See also Loux v. United States*, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigators' notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. CANO-VALENCIA are available under Fed. R. Crim. P. 16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable.

    3.    *Brady* <u>Material</u>. Mr. CANO-VALENCIA requests all documents, statements, agents' reports, and tangible evidence favorable to him on the issue of guilt and/or that affects the credibility of the government's case. Impeachment and exculpatory evidence both fall within *Brady's* definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agars*, 427 U.S. 97 (1976).

    4.    <u>Any Information That May Result in a Lower Sentence</u>. As discussed above, any information that may result in a more favorable sentence must also be disclosed pursuant to *Brady*, 373 U.S. 83. The government must disclose any cooperation or attempted cooperation by Mr. CANO-VALENCIA, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the United States Sentencing Commission Guidelines Manual ("Guidelines"). Also included in this request is any information relevant to a Chapter Three adjustment, a determination of Mr. CANO-VALENCIA's criminal history, or any other application

1   of the Guidelines.

2         5.       <u>The Defendant's Prior Record</u>. Evidence of a prior record is available under Fed. R. Crim. P. 16(a)(1)(D). Mr. CANO-VALENCIA specifically requests a complete copy of any criminal record.

        6.       <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . .." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); *see also United States v. Brooke*, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming *Mehrmanesh* and reversing convictions).

        This request includes any "TECS" records (records of prior border crossings) that the government intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal. Although there is nothing intrinsically improper about prior border crossings, they are nonetheless subject to 404(b), as they are "other acts" evidence that the government must produce before trial. *United States v. Vega*, 188 F.3d 1150, 1154-1155 (9th Cir. 1999).

        Mr. CANO-VALENCIA requests that such notice be given *three weeks before trial* to give the defense time to adequately investigate and prepare for trial.

        7.       <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E). Specifically, Mr. CANO-VALENCIA requests that this Court order the government to allow the inspection of any cellular phones or two-way radios found in the vehicle and any contraband seized at the time of his arrest. Mr. CANO-VALENCIA requests that when the government makes the items available for inspection, the phone is charged, or have chargers available, or provide defense counsel with the make and model of the phone so that defense counsel can have charging devices available.

8. <u>Request for Preservation of Evidence</u>. The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to the vehicle involved in the case, Mr. CANO-VALENCIA's personal effects, and any evidence seized from Mr. CANO-VALENCIA or any third party. This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (e.g., undocumented aliens and transients).

It is requested that the prosecutor be ordered to *question* all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

9. <u>Henthorn Material</u>. Mr. CANO-VALENCIA requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. *See Kyles v. Whitley*, 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended. Mr. CANO-VALENCIA further requests production of any such information at least *one week* prior to the motion hearing and two weeks prior to trial. If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request, this information should be produced to the Court in advance of the motion hearing and the trial for an *in camera* inspection.

10. <u>Tangible Objects</u>. Mr. CANO-VALENCIA requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof,

1 that are material to the defense or intended for use in the government's case-in-chief or were
2 obtained from or belong to Mr. CANO-VALENCIA. Fed. R. Crim. P. 16(a)(1)(E). Specifically, Mr.
3 CANO-VALENCIA requests color copies of all photographs in the government's possession of the
4 vehicle and the compartment in which the material witnesses were found.

5      11.     Expert Witnesses. Mr. CANO-VALENCIA requests the name, qualifications, and
6 a written summary of the testimony of any person that the government intends to call as an expert
7 witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G). This summary should include a
8 description of the witness' opinion(s), as well as the bases and the reasons for the opinion(s). *See*
9 *United States v. Duvall*, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert
10 notice did not adequately summarize or describe police detective's testimony in drug prosecution
11 where notice provided only a list of the general subject matters to be covered and failed to identify
12 what opinion the expert would offer on those subjects). This request includes, but is not limited to,
13 disclosure of the qualifications of any government witness who will testify that he understands
14 and/or speaks any other foreign language that may have been used during the course of an interview
15 with Mr. CANO-VALENCIA or any other witness.

16      Mr. CANO-VALENCIA requests the notice of expert testimony be provided at a minimum
17 of *three weeks prior to trial* so that the defense can properly prepare to address and respond to this
18 testimony, including obtaining its own expert and/or investigating the opinions, credentials of the
19 government's expert, and potentially obtain a hearing in advance of trial to determine the
20 admissibility of qualifications of any expert. *See Kumho v. Carmichael Tire Co.*, 526 U.S. 137, 119
21 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy
22 of expert testimony and such determinations may require "special briefing or other proceedings").

23      12.     Impeachment evidence. Mr. CANO-VALENCIA requests any evidence that any
24 prospective government witness has engaged in any criminal act whether or not resulting in a
25 conviction and whether any witness has made a statement favorable to Mr. CANO-VALENCIA.
26 *See* Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under *Brady*, 373 U.S. 83. *See*
27 *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v. United*
28

*States*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

13. <u>Evidence of Criminal Investigation of Any Government Witness</u>. Mr. CANO-VALENCIA requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *United States v. Chitty*, 760 F.2d 425 (2d Cir. 1985).

14. <u>Evidence of Bias or Motive to Lie</u>. Mr. CANO-VALENCIA requests any evidence that any prospective government witness is biased or prejudiced against Mr. CANO-VALENCIA, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *Strifler*, 851 F.2d 1197.

15. <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity</u>. Mr. CANO-VALENCIA requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *Strifler*, 851 F.2d 1197; *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980).

16. <u>Witness Addresses</u>. Mr. CANO-VALENCIA requests the name and last known address of each prospective government witness. *See United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. CANO-VALENCIA also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a government witness. *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984).

17. <u>Name of Witnesses Favorable to the Defendant</u>. Mr. CANO-VALENCIA requests the name of any witness who made any arguably favorable statement concerning Mr. CANO-VALENCIA or who could not identify him or who was unsure of his identity or participation in the crime charged. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis*, 637 F.2d at 223; *Jones*

1  *v. Jago*, 575 F.2d 1164,1168 (6th Cir. 1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979),
2  *cert. denied*, 444 U.S. 1086 (1980).

3        18.    <u>Statements Relevant to the Defense</u>.  Mr. CANO-VALENCIA requests disclosure of
4  any statement that may be "relevant to any possible defense or contention" that he might assert.
5  *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982).

6        19.    <u>Jencks Act Material</u>.  Mr. CANO-VALENCIA requests production in advance of the
7  motion hearing or trial of all material, including dispatch tapes, that the government must produce
8  pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2.  A verbal acknowledgment
9  that "rough" notes constitutes an accurate account of the witness' interview is sufficient for the
10 report or notes to qualify as a statement under section 3500(e)(1).  *Campbell v. United States*, 373
11 U.S. 487, 490-92 (1963); *see also United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) (holding
12 that interview notes constitutes Jencks material when an agent reviews notes with the subject of the
13 interview); *see also United States v. Riley*, 189 F.3d 802, 806-808 (9th Cir. 1999).  Advance
14 production will avoid the possibility of delay of the motion hearing or trial to allow Mr. CANO-
15 VALENCIA to investigate the Jencks material.  Mr. CANO-VALENCIA requests pre-trial
16 disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel
17 to prepare for, and use properly any Jencks statements during cross-examination.

18       20.    *Giglio* <u>Information</u>.  Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Mr.
19 CANO-VALENCIA requests all statements and/or promises, expressed or implied, made to any
20 government witnesses, in exchange for their testimony in this case, and all other information that
21 could arguably be used for the impeachment of any government witnesses.

22       21.    <u>Agreements Between the Government and Witnesses</u>.  Mr. CANO-VALENCIA
23 requests discovery regarding any express or implicit promise, understanding, offer of immunity, of
24 past, present, or future compensation, or any other kind of agreement or understanding, including
25 any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability,
26 between any prospective government witness and the government (federal, state and/or local).  This
27 request also includes any discussion with a potential witness about or advice concerning any
28

immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed.

22.  Informants and Cooperating Witnesses. Mr. CANO-VALENCIA requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. CANO-VALENCIA. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants that exculpate or tends to exculpate Mr. CANO-VALENCIA.

23.  Bias by Informants or Cooperating Witnesses. Mr. CANO-VALENCIA requests disclosure of any information indicating bias on the part of any informant or cooperating witness. *Giglio*, 405 U.S. 24. Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

24.  Personnel Records of Government Officers Involved in the Arrest. Mr. CANO-VALENCIA requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Mr. CANO-VALENCIA. *See Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

25.  Training of Relevant Law Enforcement Officers. Mr. CANO-VALENCIA requests copies of all written videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case (United States Customs Service, Border Patrol, INS, Department of Homeland Security, etc.) to their employees regarding: (a) the handling of vehicles suspected to be transporting contraband across the port of entry; (b) the referral to secondary inspection of persons within those vehicles; (c) the detention of individuals within those vehicles; (d) the search of those vehicles and the occupants of those vehicles, including the proper

means of obtaining consent to search and what constitutes consent to search; (e) the informing of suspects of their Constitutional rights; (f) the questioning of suspects and witnesses. Mr. CANO-VALENCIA also requests all written or otherwise attainable information regarding the training of Customs agents at ports of entry in California to detect or discover contraband in vehicles entering the United States, including any training offered to Border Patrol, INS, or officers of Homeland Security Department, by the DEA or other law enforcement agencies or individuals.

26. <u>Performance Goals and Policy Awards</u>. Mr. CANO-VALENCIA requests disclosure of information regarding standards used for measuring, compensating or reprimanding the conduct of all law enforcement officers involved in the case (Customs, Border Patrol, INS, etc.) to the extent such information relates to the detection of illegal substance. This request specifically includes information concerning performance goals, policy awards, and the standards used by Homeland Security or U.S. Customs and Boarder Patrol, for commending, demoting, or promoting agents for their performance at the port of entry and their success or failure to detect illegal narcotics in general.

27. <u>TECS Reports</u>. Mr. CANO-VALENCIA requests all TECS reports, including reports pertaining to all vehicle border crossings pertaining to the vehicle used in this case and any vehicles pertaining to Mr. CANO-VALENCIA. Any prior border crossings are considered "other acts" evidence which the government must produce before trial. *Vega*, 188 F.3d at 1154.

28. <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Mr. CANO-VALENCIA requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

29. <u>*Brady* Information</u>. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under *Brady v. Maryland*, 373 U.S. 83 (1963),

1 impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the
2 accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agars*, 427 U.S. 97 (1976).

3     30. <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior
4 similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions
5 which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid.
6 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance
7 of trial . . . of the general nature" of any evidence the government proposes to introduce under
8 Fed. R. Evid. 404(b) at trial. The defendant requests notice two weeks before trial to give the
9 defense time to investigate and prepare for trial.

10     31. <u>Residual Request</u>. The defendant intends by this discovery motion to invoke his
11 rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and
12 the Constitution and laws of the United States.

### III.

### THIS COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS

15 Mr. CANO-VALENCIA and defense counsel have received numerous pages of discovery
16 in this case. Defense counsel has reason to believe this discovery is incomplete. Defense counsel
17 requests leave to file further motions as new information comes to light.

### IV.

### CONCLUSION

20 For the reasons stated, Mr. CANO-VALENCIA requests that this Court grant his motions.

21 Respectfully submitted,

23 DATED: March 18, 2008      /s/*Steven E. Feldman*
     Attorney for Mr. CANO-VALENCIA
24      sfeldman77@san.rr.com